UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-21544-CIV-MORENO

TRACFONE WIRELESS, INC.,

    Plaintiff,

vs.

BRANDON BELCHER, *et. al.*,,

    Defendants.
_____/

## ORDER OF DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction **(D.E. No. 37)**, filed on **July 6, 2011**.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. A default has been entered against Defendants Brandon Belcher, Jonathan Belcher and Briana Wells. Counsel for Plaintiff filed an Affidavit with the Court as to the amount due from Defendants Brandon Belcher, Jonathan Belcher, and Briana Wells. Accordingly, it is

    **ADJUDGED** that:

1.     The Motion for Default Final Judgment is **GRANTED**. Final judgment is hereby entered in favor of Plaintiff TRACFONE WIRELESS, INC. and against Defendants BRANDON BELCHER, JONATHAN BELCHER, and BRIANA WELLS . It is further

2.     Pursuant to 15 U.S.C. § 1117(d)(1), Tracfone is entitled to recover statutory damages "of not less than $1,000 and not more than $100,000 per domain name." The Court finds that

Defendant Brandon Belcher operated two infringing domain names. Thus, Final Judgment is hereby entered against Defendant Brandon Belcher, and in favor of the Plaintiff, in the principal amount of **$200, 000**, which shall bear interest at the legal rate. For which let execution issue forthwith.

3. Pursuant to 15 U.S.C. § 1117, Tracfone is entitled to actual damages, which have been trebled, in the amount of **$76,945.08** for its lost profits. Therefore, Final Judgment is hereby entered against Defendants Brandon Belcher and Jonathan Belcher, jointly and severally, and in favor of the Plaintiff, in the principal amount of $76,945.08, which shall bear interest at the legal rate. For which let execution issue forthwith.

The Court also finds that Tracfone is entitled an award of attorneys' fees and costs. Plaintiff, Tracfone Wireless, Inc. has ten business days from the date of this order to file its petition for attorneys' fees and costs.

The Court further finds that Defendants' participation in the Airtime Theft Scheme has caused substantial and irreparable harm to Tracfone, and will continue to cause substantial harm to Tracfone unless enjoined.

Tracfone is entitled to permanent injunctive relief on the claims set forth in the Complaint.

4. Defendants, Brandon Belcher d/b/a Belcher Empire, Inc. a/k/a Brad Ball d/b/a Ball Empire, Inc.; Jonathan D. Belcher; and Briana M. Wells a/k/a Brianne M Wells a/k/a mspr3ttydimplez, and each and all of their past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, respective agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for any of

the Defendants or on any of the Defendant's behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with a Defendant or any of the Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a. purchasing, selling, advertising, soliciting, using, transferring, and/or shipping, directly or indirectly, any TracFone products and services, including, but not limited to, TracFone prepaid airtime cards, TracFone prepaid airtime minutes, TracFone codes, and/or other mechanisms, processes, methods, or materials used to obtain TracFone wireless service or acquire TracFone airtime; and,

b. accessing, directly or indirectly, TracFone's computer systems or telecommunications network; and,

c. accessing, altering, erasing, copying, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained withing any model of Tracfone prepaid handsets; and,

d. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of TracFone prepaid airtime and unlocked TracFone prepaid handsets; and,

e. using Plaintiff's Trademarks, including, but not limited to, TRACFONE; TRACFONE NATIONWIDE PREPAID WIRELESS and Design; NET10; NET10 PAY AS YOU GO MADE SIMPLE and Design; SAFELINK WIRELESS; SAFELINK WIRELESS and Design; STRAIGHT TALK; STRAIGHT TALK and Design; and TracFone's spiracle logo (collectively, "Plaintiff's Trademarks") and/or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks in connection with the Airtime Minute Scheme, or in any manner likely to cause others to believe that the infringing products or services are connected with Plaintiff or Plaintiff's genuine products or services bearing Plaintiff's Trademarks; and,

f. passing off, inducing or enabling others to sell or pass off any airtime minutes or other items that are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and,

g. committing any other acts calculated to cause purchasers to believe that Defendants' products and services are Plaintiff's genuine products and services unless they are such; and,

h. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing Plaintiff's Trademarks, or any reproduction, counterfeit, copy or colorable imitation of same; and,

i. participating, either actively or passively, in the Airtime Theft Scheme;

and,

j. moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing or relating to Plaintiff's Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof; and,

k. removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to distribution or sale of goods bearing Plaintiff's Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof; and,

l. using, operating, obtaining, purchasing, transferring, and/or selling any domain names containing Plaintiff's Trademarks; and,

m. allowing another individual or entity to use your eBay member name, including, but not limited to "mspr3ttydimplez", to buy and/or sell any Tracfone products or services.

5. The Registrar for Defendants' infringing websites, www.tracfoneminutes.org and www.tracfoneminutedeals.com, to immediately transfer and assign these domain names to Plaintiff.

6. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction.

7. If any Defendant violates the terms of the Permanent Injunction, TracFone shall be entitled to file an Affidavit or Declaration of Violation requesting that the Court order the payment of compensatory damages to TracFone in the amount of Twenty Thousand Dollars and No

Cents ($20,000.00) for each violation. TracFone shall provide at least five (5) working days notice to the Defendant after filing an Affidavit or Declaration of Violation. The Court finds that any amount awarded under this paragraph are compensatory and reasonable estimations of the minimum damages suffered by TracFone for such a breach and will serve to compensate TracFone for its losses in the event a Defendant violates the terms of this Permanent Injunction.

8. Any violation of the terms of this Preliminary Injunction may be punishable by a finding of contempt of court.

9. The prevailing party in any proceeding to enforce compliance with the terms of this Preliminary Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

10. The last known address of Defendant Brandon Belcer d/b/a Belcher Empire, Inc. a/k/a Brad Ball d/b/a Ball Empire, Inc. is 613 Wallace Street, Williamson, West Virginia 25661 and the last known mailing address is P.O. Box 1631, Williamson, West Virginia 25661.

11. The last know address of Defendant Jonathan D. Belcher is 613 Wallace Street, Williamson, West Virginia 25661 and the last known mailing address is P.O. Box 1631, Williamson, West Virginia 25661.

12. The last known address of Defendant Briana M. Wells a/k/a Brianne M. Wells a/k/a Briana Monique a/k/a MsPr3ttyDimplez is 105 Surrey Terrace, St. Albans, West Virginia 25177.

13. The address of Plaintiff TracFone Wireless, Inc. is 9700 Northwest 112th Avenue, Miami, Florida 33178.

14. The Court finds that there is no just reason for delay of the entry of judgment against

Defendants, and therefore, pursuant to Fed. R. Civ. P. 54(b), directs the Clerk to enter Judgment as set forth herein.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of August, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Brandon Belcher
P.O. Box 1631
Williamson, WV 25661

Jonathan Belcher
P.O. Box 1631
Williamson, WV 25661

Briana Wells
105 Surrey Terrace
Saint Albans, WV 25177